IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FELTON THOMAS,** § | | |
| § | | |
| **PLAINTIFF,** § | | |
| § | | |
| Vs. § | Civil Action No. _____ | |
| § | | |
| **PFG TRANSCO, INC.;** § | | |
| **PERFORMANCE FOOD GROUP,** § | | |
| **INC. D/B/A PERFORMANCE FOOD** § | | |
| **GROUP – CUSTOMIZED** § | | |
| **DISTRIBUTION; KENNETH PAUL** § | | |
| **LOCKHART, AND NAVIGATORS** § | | |
| **LOGISTICS, INC.,** § | | |
| § | | |
| **DEFENDANTS.** § | **Jury Trial Demanded/Requested** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, **FELTON THOMAS,** and for cause of action against

Defendants, **PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. D/B/A**

**PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION; KENNETH PAUL**

**LOCKHART and NAVIGATORS LOGISTICS, INC.,** and, in support, would show the

Court, as follows:

## JURISDICTION AND PARTIES

1. Plaintiff is a citizen/resident/domiciliary of the State of Texas.

2. Defendant, PFG Transco, Inc., ("PFG"), is a foreign corporation with its principal place of business located in the State of Tennessee.

3. Defendant, Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution, ("Performance"), is a foreign corporation with its principal place of business located in the State of Virginia.

4. Defendant, Navigators Logistics, Inc., ("Navigators"), is a Delaware corporation with its principal place of business located in the State of Virginia.

5. Defendant, Kenneth Paul Lockhart, ("Lockhart"), is an individual who is a citizen/resident/domiciliary of the State of Virginia.

6. Pursuant to 28 USC § 1332, et. seq., this Honorable Court has subject matter jurisdiction over this complaint and the subject matter controversy between the parties because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and all parties are citizens of different states.

7. Pursuant to 28 USC § 1391(b)(2), et. seq., venue is proper in this federal district because a substantial part of the events or omissions giving rise to the claim occurred in this federal district.

8. Plaintiff, Felton Thomas, demands jury trial.

## COMPLAINT

9. On January 8, 2016, Plaintiff, FELTON THOMAS, was working as a property-carrying, semi-truck driver for Defendant, PFG Transco, Inc., ("PFG"), and for Defendant, Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution, ("Performance"), while based out of the McKinney, Texas warehouse for these two Defendants. At all times pertinent to the facts and allegations and the occurrence in question that forms the basis of this complaint, both PFG and Performance were non-subsribers to the Texas Workers' Compensation System, and are, therefore, amenable

and/or subject to this lawsuit and the Plaintiff's claims for injuries and resulting damages, including punitive damages, for the acts and omissions of common law negligence, statutory negligence, negligence per se and gross negligence of PFG and Performance, all as alleged herein.

10. More specifically, on January 8, 2016, Plaintiff had returned from a lengthy delivery trip for these two Defendants, (first delivery), when the dispatcher for both Defendants PFG and Performance, located and working out of the 500 Metro Park Drive, McKinney, Texas warehouse for both Defendants, ordered/forced Plaintiff to go back out on the road and make another lengthy delivery trip, (second delivery), with only a couple of hours rest, and while still tired from the previous same-day's first delivery. This forced second delivery was in direct violation of federal law and regulations mandating that Plaintiff should have received a full, ten-hour break/rest period. See Part 395 section 395.3(a)(2) and section 395.3(a)(3) of the Federal Motor Carrier Safety Regulations as mandated by the Federal Motor Carrier Safety Administration.

11. Thus, as a result of being forced to drive the second delivery, while too tired and without having the required full, uninterrupted, ten-hour break/rest period, Plaintiff, while driving the Defendants' property-carrying commercial truck through Oklahoma, fell asleep at the wheel and caused a catastrophic, single-vehicle collision while traveling eastbound on Interstate 40 at or near the city limits of Muskogee, Oklahoma, (first collision).

12. Then, while Plaintiff was pinned by his PFG and Performance truck/semi-trailer rig from the first collision, a second collision into the Plaintiff's vehicle was caused by Defendant, Kenneth Paul Lockhart, ("Lockhart"), who was an employee/statutory employee of Defendant, Navigators Logistics, Inc., and acting in the full course and scope of his

employment with Navigators, and acting at all times in the furtherance of the business pursuits of Navigators.

13. More specifically, the second collision occurred when Lockhart, who was traveling eastbound on Interstate 40, could not properly see the roadway ahead of him, nor could he see the Plaintiff's overturned semi-truck/trailer rig that was blocking both eastbound travel lanes because Lockhart's visibility was significantly reduced due to the fog that covered the roadway and ground, and because Lockhart's cruise control was improperly and illegally set on 71 miles per hour.

14. For causing the second collision, Lockhart was cited for violating Oklahoma "Rules of the Road:"

**2014 Oklahoma Statutes**
**Title 47. Motor Vehicles**
**§47-11-801. Basic rule - Maximum and minimum limits – Fines and penalties.**
**Universal Citation:** 47 OK Stat § 47-11-801 (2014)

A. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

15. As a result of these two severe collisions, Plaintiff was pinned in his vehicle for more than one hour, and Plaintiff suffered severe and permanent disabling bodily injuries and permanent physical impairments and permanent physical disabilities.

16. On the occasion in question, Defendant NAVIGATORS LOGISTICS, INC.'s truck driver, Defendant, KENNETH PAUL LOCKHART, was the agent, servant, employee, statutory employee (49 U.S.C. § 304(e)(2), now codified at 49 U.S.C. § 11107(a)(4), et seq. and 49 C.F.R. 49 U.S.C. §§ 376.11-12, et seq.), representative, contractor, independent contractor,

borrowed/loaned servant, acting with full authority and in the full course and scope of his employment/contract with NAVIGATORS LOGISTICS, INC., and whose acts/omissions were in the furtherance of the business pursuits of NAVIGATORS LOGISTICS, INC., violated its/his duty to exercise ordinary care in the operation of its/his motor vehicle and was negligent as follows:

   a. in failing to keep a proper lookout;

   b. driving too fast for the then existing road conditions and/or weather conditions;

   c. in failing to apply or timely apply the brakes;

   d. in failing to control the speed of his vehicle;

   e. in failing to turn to the right or to the left in order to avoid the collision;

   f. in failing to maintain control of his vehicle;

   g. reckless driving; and

   h. in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

17. Defendant NAVIGATORS LOGISTICS, INC.'s driver, KENNETH PAUL LOCKHART, was at all times acting in the course of his employment with NAVIGATORS LOGISTICS, INC.  Thus, Defendant NAVIGATORS LOGISTICS, INC., is vicariously liable for the negligence, gross negligence and acts and omissions and injuries caused by its employee.

18. Defendants, **PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. D/B/A PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION** are also liable to Plaintiff, FELTON THOMAS, for exemplary liability/gross negligence and punitive damages because these Defendants' actions, individually, jointly, severally and concurrently constitute malice and/or gross negligence.  More specifically, the acts and

omissions of Defendants, **PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. D/B/A PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION,** as alleged herein, constitute gross negligence/exemplary liability because they were made, committed, or not committed, with conscious indifference and/or conscious disregard of the rights, safety, health, and well-being of the Plaintiff and all other persons/citizens/motorists who were place at risk by such grossly negligent acts or omissions.  Such acts and omissions of gross negligence were so outrageous that they shock the conscience of a reasonably prudent person in the affected communities to such extent and manner that they were made malice and/or that malice can be inferred by the sheer type/manner/nature/degree of the acts or omissions of gross negligence.

19. Defendants, **KENNETH PAUL LOCKHART and NAVIGATORS LOGISTICS, INC.** are also liable to Plaintiff, FELTON THOMAS, for exemplary liability/gross negligence and punitive damages because these Defendants' actions, individually, jointly, severally and concurrently constitute malice and/or gross negligence.  More specifically, the acts and omissions of Defendants, **KENNETH PAUL LOCKHART and NAVIGATORS LOGISTICS, INC.,** as alleged herein, constitute gross negligence/exemplary liability because they were made, committed, or not committed, with conscious indifference and/or conscious disregard of the rights, safety, health, and well-being of the Plaintiff and all other persons/citizens/motorists who were place at risk by such grossly negligent acts or omissions.  Such acts and omissions of gross negligence were so outrageous that they shock the conscience of a reasonably prudent person in the affected communities to such extent and manner that they were made malice and/or that malice can be inferred by the sheer type/manner/nature/degree of the acts or omissions of gross negligence.

20. As such, Plaintiff prays the Court enter judgment in his favor, and against PFG, Performance, Kenneth Paul Lockhart and Navigators Logistics, Inc., individually and/or separately, (as required by Texas law), for gross negligence/exemplary liability and punitive damages, all as provided and mandated by Texas law.

21. As a result of All Defendants' negligence, individually, jointly, severally and concurrently, Plaintiff has suffered and seeks the following damages:

    (a) <u>Past and Future Healthcare Expenses</u>: Plaintiff has suffered bodily injuries causing him to incur medical expenses. The health care expenses were incurred for necessary care and treatment of the injuries complained of herein. The charges are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. It is reasonably anticipated that Plaintiff will incur additional and future healthcare bills for treatment of injuries related to this incident;

    (b) <u>Past and Future Physical Pain and Mental Anguish</u>: Plaintiff endured severe physical pain and mental anguish in the past and will continue to endure physical pain and mental anguish in the future; and

    (c) <u>Past and Future Physical Impairment</u>: Plaintiff suffered physical impairment in the past and will continue to suffer physical impairment in the future, (including loss of enjoyment of life, past and future).

    (d) <u>Past Wage Loss, diminished earnings and Future Loss of Wage Earnings Capacity</u>: Plaintiff's injuries caused him to lose time from work and suffer a wage loss. In addition, Plaintiff's injuries will, in all reasonable probability, impair his future ability to earn a living.

    (e) Disfigurement, past and future.

22. Additionally, Plaintiff alleges and claims that all of his bodily injuries/personal injuries and resulting damages suffered/incurred as a result of the negligence/culpability and/or responsibility of each Defendant, as hereinbefore alleged, was one single, indivisible injury, incapable of being apportioned between each Defendant. And, as such, each

Defendant is 100% individually and/or jointly liable for the full extent of the damages suffered by Plaintiff in both of the two separate collisions/impacts, unless one or both of the Defendants can present sufficient, competent, admissible evidence of each Defendant's portion and/or apportioned percentage of injury and damage caused by said Defendant's individual negligence, culpability or responsibility.  Stated differently, as a matter of Texas damages law, unless and until any Defendant can prove that Plaintiff suffered more than one indivisible injury, each Defendant is deemed responsible and liable for 100% if the Plaintiff's injuries and damages, which are to be assessed as one single, indivisible injury.

23. Also, see the United States Government Life Tables (2011).  At the time of the occurrence in question, January 8, 2016, Plaintiff, FELTON THOMAS, was 28 years of age with an average life expectancy of 46.4 years, pursuant to the United States Government Life Expectancy Tables, Table 8 – pages 23 and 24 of the "United States Life Tables, 2011" Vol. 64, Number 11, (September 22, 2015), of the National Vital Statistics Reports as compiled and prepared and officially published by the U.S. Department of Health And Human Services, (See Exhibit 1 attached hereto).  Exhibit 1 is a self-authenticating, official government document, and is not hearsay and is admissible as evidence in all Federal Courts.

### Prayer

24.    WHEREFORE, PREMISES CONSIDERED, Plaintiff, Felton Thomas, requests that Defendants, **PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. D/B/A PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION; KENNETH PAUL LOCKHART and NAVIGATORS LOGISTICS, INC.,** be served with summons and this

Plaintiff's Original Complaint, and that after final trial or hearing of this cause, Plaintiff recovers from Defendants, **PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. D/B/A PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION; KENNETH PAUL LOCKHART and NAVIGATORS LOGISTICS, INC.,** individually, jointly, severally, and concurrently:

1. Judgment against each Defendant, individually, jointly, severally and concurrently, for all economic and non-economic damages, liquidated and unliquidated, in an amount within the jurisdictional limits of this Court;

2. Punitive damages for gross negligence/exemplary liability;

3. Prejudgment interest at the maximum rate allowed by law;

4. Post-judgment interest at the maximum rate allowed by law;

5. Costs of suit; and

6. Such other and further relief, in law or equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

*/s/ Jimmie A. Franklin*
**JIMMIE A. FRANKLIN**
State Bar No. 07375100

**THE LAW OFFICES OF TIM O'HARE**
1038 Elm Street
Carrollton, Texas 75006
Tel. (972) 960-0000
Fax (972) 960-1330
attorney@oharelawfirm.com

**ATTORNEY FOR PLAINTIFF**