# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| FELTON THOMAS § | |
| § | |
| § | Civil Action No. 4:17-CV-00785 |
| v. § | Judge Mazzant |
| § | |
| PFG TRANSCO, INC., PERFORMANCE § | |
| FOOD GROUP, INC., NAVIGATORS § | |
| LOGISTICS, INC., KENNETH PAUL § | |
| LOCKHART, and PFGC, INC. § | |

## MEMORANDUM ORDER AND OPINION

Pending before the Court is Defendant PFG Transco, Inc. Defendant Performance Food Group, Inc., and PFGC, Inc.'s (collectively, "PFG") Motion to Dismiss (Dkt. #7).[1] The Court, having considered the relevant pleadings, finds the motion is granted in part and denied in part.

## BACKGROUND

On July 5, 2013, Plaintiff Felton Thomas began working as a dispatcher for PFG, working out of the 500 Metro Park Drive, McKinney, Texas warehouse. According to the terms of his employment, the parties agreed to mandatory, final, and binding arbitration of disputes for on-the-job injuries pursuant to PFG's Texas Injury Benefit Plan (the "Benefit Plan") as a non-subscriber under the Texas Workers' Compensation Statute. Plaintiff signed an acknowledgment of having agreed to mandatory arbitration of such disputes by arbitration (Dkt. #7-1, Exhibit 3). Appendix A to the Benefit Plan states:

> The Employer hereby adopts a mandatory company policy requiring that the following claims or disputes must be submitted to final and binding arbitration under this Appendix: (A) any legal or equitable claim or dispute relating to enforcement or interpretation of the arbitration provisions in a Receipt, Safety Pledge and Arbitration Acknowledgement form or this Appendix; and (B) any legal

---
[1] On February 20, 2018, Defendant PFGC, Inc. joined Defendant PFG Transco, Inc. and Defendant Performance Food Group, Inc.'s Motion to Dismiss in full (Dkt. #23). That same day, Plaintiff filed an identical response (Dkt. #24).

or equitable claim by or with respect to an Associate for any form of physical or psychological damage, harm or death which relates to an accident, occupational disease, or cumulative trauma (including, but not limited to, claims of negligence or gross negligence or discrimination; claims for intentional acts, assault, battery, negligent hiring/training/supervision/retention, emotional distress, retaliatory discharge, or violation of any other noncriminal federal, state or other governmental common law, statute, regulation or ordinance in connection with a job-related injury, regardless of whether the common law doctrine was recognized or whether the statute, regulation or ordinance was enacted before or after the effective date of this Appendix). This includes all claims listed above that an Associate has now or in the future against an Employer, its officers, directors, owners, Associates, representatives, agents, subsidiaries, affiliates, successors, or assigns.
. . .

The determination of whether a claim is covered by this Appendix shall also be subject to arbitration under this Appendix. Neither an Associate nor an Employer shall be entitled to a bench or jury trial on any claim covered by this Appendix.

(Dkt. #7-1, Exhibit 1 at p. 58).

On December 6, 2017, PFG filed a motion to dismiss (Dkt. #7). On December 18, 2017, Plaintiff filed his response (Dkt. #8). On December 28, 2017, PFG filed a reply (Dkt. #11).

**LEGAL STANDARD**

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to

arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* Concerning the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.* (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

## ANALYSIS

When ruling on a motion to compel arbitration, the Court must first determine whether there is a valid agreement to arbitrate applying ordinary state-law principles that govern the formation of contracts. *Graves*, 568 F.3d at 222. "In applying state law, however, due regard must be given to the federal policy favoring arbitration." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). "In determining whether the parties agree to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). The Court finds Texas contract law applies.[2] Under Texas law, a binding contract exists when each of the following elements are established: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) a communication that each part consented to the terms of the contract; (5) execution and delivery of the contract with the intent that it be mutual and binding; and (6) consideration. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

---

[2]This choice-of-law analysis was not raised in either parties' briefing and neither party disputes that Texas law should apply. Plaintiff's employment for Defendant was located in Collin County, Texas, and he has alleged claims seeking protection under Texas law. Therefore, the Court finds that Texas "has [a] substantial relationship to the parties" or "application of the law of [Texas] would [not] be contrary to a fundamental policy of a state which has materially greater interest than [Texas]. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015).

Plaintiff does not argue that the Arbitration Agreement is not a valid agreement to arbitration. Plaintiff asserts that this lawsuit involves two separate collisions "that happened virtually at the same time, (the first collision caused by PFG, and the second collision caused immediately thereafter by Defendant, Navigators Logistics, Inc., ('Navigators'))", and Navigators is not a signatory to the arbitration agreement (Dkt. #7 at pp. 1–2). Defendant Kenneth Paul Lockhart ("Lockhart"), the driver for Navigators, is alleged to be an employee of Navigators, acting in the full course and scope of his employment during the second collision. Thus, Lockhart is also not a signatory to the arbitration agreement. Plaintiff argues that his arbitrable claims against PFG and non-arbitrable claims against Navigators (and Lockhart) are factually "intertwined", and since Navigators is a non-signatory, "no enforceable arbitration agreement, as to these specific matters, exists." (Dkt. #7 at pp. 1-2).[3]

The Supreme Court has rejected this "intertwining" theory and held when a complaint contains both arbitrable and nonarbitrable claims, the FAA "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Further, the Supreme Court recently confirmed that courts must look no further than the arbitrability of a particular claim when determining whether to compel arbitration: "[C]ourts must examine a complaint with care

---

[3]Generally, in order to be subject to arbitral jurisdiction, a party must be a signatory to a contract containing an arbitration clause. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 353 (5th Cir. 2003). "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986)(citation omitted). However, "federal courts have held that so long as there is *some* written agreement to arbitrate, a third party may be bound to submit to arbitration." *Bridas*, 345 F.3d at 355. Courts have compelled nonsignatories to arbitration under various theories of contract and agency law including: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego or veil piercing; (5) equitable estoppel; and (6) third-party beneficiary. *Graves v. BP America, Inc.*, 568 F.3d 221, 223 (5th Cir. 2009) (citing *Bridas*, 345 F.3d at 356).

to assess whether any individual claim must be arbitrated," and "[t]he failure to do so is subject to immediate review." *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011).

However, the parties have clearly agreed that an arbitrator should make this determination through a delegation clause. Plaintiff does not challenge his "assent to the agreement (including the delegation clause)" or argue that the specific provision stated above does not delegate the issue of arbitrabiltiy to the arbitrator. *See Beaumont Foot Specialists, Inc. v. United Healthcare of Texas, Inc.*, No. 1:15-CV-216, 2015 WL 9703796, at *3 (E.D. Tex. Dec. 22, 2015), *report and recommendation adopted*, No. 1:15-CV-216, 2016 WL 165023 (E.D. Tex. Jan. 14, 2016); *see Van Buren v. Pro Se Planning, Inc.,* CIV.A. 14–2099, 2014 WL 6485653, at *5 (E.D. La. Nov. 18, 2014) ("[T]he Plaintiff's failure to articulate a specific challenge to the delegation clause requires the Court to abstain from deciding the merits of any dispute concerning enforceability of the arbitration agreement or the underlying contract and refer the matter to arbitration.").

"[P]arties may agree that the 'gateway' question of arbitrability should be decided by an arbitrator, rather than a court." *Beaumont Foot Specialists*, 2015 WL 9703796, at *2 (citing *Rent–A–Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 68–69 (2010)). "Pursuant to such a 'delegation' clause, an arbitrator is empowered to determine whether the agreement in fact requires the parties to arbitrate the dispute at hand. *Id*. (citing *Rent–A–Ctr., W., Inc.,* 561 U.S. at 68–69). Appendix A states "[t]he determination of whether a claim is covered by this Appendix shall also be subject to arbitration under this Appendix. Neither an Associate nor an Employer shall be entitled to a bench or jury trial on any claim covered by this Appendix." (Dkt. #7-1, Exhibit 1 at p. 58). Appendix A is even more explicit about the agreements delegation and deference to the arbitrator's authority regarding the arbitrability of Plaintiff's claims against PFG:

> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation,

> applicability, enforceability or formation of this agreement, including but not limited to any claim that all or any part of this agreement is void or voidable.

(Dkt. #7-1, Exhibit 1 at p. 59).

In *Rent–A–Ctr., W., Inc. v. Jackson,* the plaintiff argued that because he was required to sign the arbitration as a condition of his employment, the arbitration agreement was unconscionable. 561 U.S. at 68–69. The contract contained an identical delegation clause:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable.

*Jackson v. Rent-A-Ctr., W., Inc.*, No. 03:07-CV-0050-LRH (RAM), 2007 WL 7030394, at *1 (D. Nev. June 7, 2007), *aff'd in part, rev'd in part sub nom. Jackson v. Rent-A-Ctr. W., Inc.*, 581 F.3d 912 (9th Cir. 2009), *rev'd*, 561 U.S. 63 (2010). The Supreme Court held that "any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent–A–Ctr., W., Inc.,* 561 U.S. at 72.

Despite the delegation clause, the Court need not allow an arbitrator to make the decision whether Plaintiff's claims against Navigators (and Lockhart) are arbitrable because there is absolutely no basis for concluding Navigators (and Lockhart) agreed to allow an arbitrator to address its claims as a non-signatory. Any assertion that Navigators (and Lockhart) agreed to arbitrate claims as a non-signatory to an arbitration agreement is "wholly groundless." *See Douglas v. Regions Bank,* 757 F.3d 460, 464 (5th Cir.2014) (allowing a court to decide an arbitrability question that is "wholly groundless," despite a delegation provision). Plaintiff's claims against Navigators (and Lockhart) are not arbitrable, will remain with the Court. *See* 9 U.S.C. § 3.

However, the undersigned takes no position on the enforceability or scope of the arbitration clause with regard to Plaintiff's claims against PFG, which will be determined by the arbitrator in accordance with the parties' agreement pursuant to the delegation clause. *See Beaumont Foot Specialists*, 2015 WL 9703796, at *3.

The FAA additionally mandates, *upon application of a party*, a stay of the legal proceedings if there is an issue referable to arbitration. 9 U.S.C. § 3. Generally, this mandatory stay provision only applies to the parties of an arbitration agreement. *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir. 2001). No party has requested a stay of the proceedings as to Navigators and Lockhart, and the Court will not determine if one is necessary in this case at this time. However, those that are arbitrable against PFG must be stayed pending the completion of arbitration. *See* 9 U.S.C. § 3.

## CONCLUSION

It is therefore **ORDERED** that Defendants PFG Transco, Inc. and Performance Food Group, Inc.'s Motion to Dismiss (Dkt. #7), and Defendant PFGC, Inc.'s Motion to Dismiss (Dkt. #23) are hereby **GRANTED in part** and **DENIED in part**. The arbitrator must make the determination whether Plaintiff's claims against PFG fall within the scope of the arbitration agreement and the Court stays the case as to PFG at this time. Plaintiff's claims against Navigators and Lockhart shall proceed at this time.

**SIGNED this 25th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE