# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FELTON THOMAS | § § § | |
| v. | § § | Civil Action No. 4:17-CV-00785 |
| | § | Judge Mazzant |
| PFG TRANSCO, INC., PERFORMANCE FOOD GROUP, INC., NAVIGATORS LOGISTICS, INC., KENNETH PAUL LOCKHART, and PFGC, INC. | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider the Court's Order (Dkt. #28) referring the Plaintiff's Claims Against All PFG Defendants to Arbitration (Dkt. #41).[1] The Court, having considered the relevant pleadings, finds the motion is denied

The issue before the Court concerns the Court's decision to grant in part and deny in part Defendant PFG Transco, Inc. Defendant Performance Food Group, Inc., and PFGC, Inc.'s (collectively, "PFG") Motion to Dismiss (Dkt. #7). On March 25, 2018, the Court entered a Memorandum Opinion and Order (the "Order"), in which it granted in part and denied in part PFG's motion (Dkt. #28).

On June 11, 2018, Plaintiff filed his motion for reconsideration (Dkt. #41). A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion

---

[1] Plaintiff also filed a Motion for Leave to File Plaintiff's Motion to Lift the Stay so that Plaintiff's Motion to Reconsider the Court's Order (Dkt. #28) Referring the Plaintiff's Claims Against All PFG Defendants to Arbitration (Dkt. #40). That motion is unnecessary to file a Motion for Reconsideration. Accordingly, that motion (Dkt. #40) is denied as moot.

"'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011). This motion is filed under Rule 60(b) as it was filed more than two months after the Court issued the Order.

Rule 60(b) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Milazzo*, 2012 WL 1867099, at *1 (citing *Templet*, 367 F.3d at 479). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding based on the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

In its Order, the Court found that the enforceability or scope of the arbitration agreement with regard to Plaintiff's claims against PFG must be determined by the arbitrator in accordance with the parties' agreement pursuant to the delegation clause and stayed the case as to PFG.[2]

Plaintiff asserts that he "should have briefed two outcome determinative issues in his favor when responding to PFG's motion to dismiss and compel arbitration." (Dkt. #40 at p. 2). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See Templet*, 367 F.3d at 479. The Court finds that Plaintiff has not presented any issue that requires the Court to reconsider its previous determination. Plaintiff has not presented either (1) an intervening change in the controlling law; (2) newly discovered evidence; or (3) a manifest error of law or fact. Instead, Plaintiff merely rehashes arguments that could have been offered or raised in his response to PFG's motion to dismiss. As such, the Court finds that its original decision should stand, and Plaintiff's motion for reconsideration is denied.

It is therefore **ORDERED** that Plaintiff's Motion to Reconsider the Court's Order (Dkt. #28) referring the Plaintiff's Claims Against All PFG Defendants to Arbitration (Dkt. #41) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Motion to Lift the Stay so that Plaintiff's Motion to Reconsider the Court's Order (Dkt. #28) Referring the Plaintiff's Claims Against All PFG Defendants to Arbitration (Dkt. #40) is **DENIED as moot**.

**IT IS SO ORDERED**.

---

[2] The Court declined to enforce the arbitration agreement against non-signatory Defendants Navigators Logistics, Inc. and Kenneth Lockhart.

**SIGNED this 17th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE