# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FELTON THOMAS, | § | |
|    *Plaintiff*, | § | |
| | § | Civil Action No. 4:17-CV-00785 |
| v. | § | Judge Mazzant |
| | § | |
| PFG TRANSCO, INC.; PERFORMANCE | § | |
| FOOD GROUP, INC. D/B/A | § | |
| PERFORMANCE FOOD GROUP – | § | |
| CUSTOMIZED DISTRIBUTION, AND | § | |
| PFGC, INC., | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties' Joint Motion to Lift Stay to Reconsider Order Referring Determination of the Gateway Issue of the Arbitrability to Arbitrator (Dkt. #47).

Having considered the Joint Motion in light of the United States Supreme Court's recent decision in *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019), the Court finds that the parties' Joint Motion should be **GRANTED**.

## BACKGROUND

**I.  Fact Summary**

On July 5, 2013, Plaintiff Felton Thomas ("Thomas") began working as a dispatcher for Defendant PFG Transco, Inc., working out of the 500 Metro Park Drive, McKinney, Texas warehouse. According to the terms of Thomas's employment, the parties agreed to mandatory, final, and binding arbitration of disputes for on-the-job injuries pursuant to PFG Transco Inc.'s Texas Injury Benefit Plan (the "Benefit Plan") as a non-subscriber under the Texas Workers' Compensation Statute. Thomas signed an acknowledgment of having agreed to mandatory arbitration of such disputes (Dkt. #7-1, Exhibit 3). Appendix A to the Benefit Plan states:

> The Employer hereby adopts a mandatory company policy requiring that the following claims or disputes must be submitted to final and binding arbitration under this Appendix: (A) any legal or equitable claim or dispute relating to enforcement or interpretation of the arbitration provisions in a Receipt, Safety Pledge and Arbitration Acknowledgement form or this Appendix; and (B) any legal or equitable claim by or with respect to an Associate for any form of physical or psychological damage, harm or death which relates to an accident, occupational disease, or cumulative trauma (including, but not limited to, claims of negligence or gross negligence or discrimination; claims for intentional acts, assault, battery, negligent hiring/training/supervision/retention, emotional distress, retaliatory discharge, or violation of any other noncriminal federal, state or other governmental common law, statute, regulation or ordinance in connection with a job-related injury, regardless of whether the common law doctrine was recognized or whether the statute, regulation or ordinance was enacted before or after the effective date of this Appendix). This includes all claims listed above that an Associate has now or in the future against an Employer, its officers, directors, owners, Associates, representatives, agents, subsidiaries, affiliates, successors, or assigns.
> . . .
>
> The determination of whether a claim is covered by this Appendix shall also be subject to arbitration under this Appendix. Neither an Associate nor an Employer shall be entitled to a bench or jury trial on any claim covered by this Appendix.

(Dkt. #7-1, Exhibit 1 at p. 58).

## II. Procedural History

On March 25, 2018, the Court issued a Memorandum Opinion and Order staying further proceedings against Defendants PFG Transco, Inc., Performance Food Group, Inc., and PFGC, Inc. (collectively "PFG") pending the arbitrator's decision whether Thomas's claims against PFG fall within the scope of the arbitration agreement (Dkt. #28). On April 3, 2019, the parties filed a joint motion to lift the stay (Dkt. #47) in light of the United States Supreme Court's decision in *New Prime v. Oliveira*, 139 S. Ct. 532 (2019).

## LEGAL STANDARD

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* Concerning the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.* (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

**ANALYSIS**

The parties jointly request that the Court lift the stay of the present action to reconsider its determination that the decision whether Thomas's claims against PFG are arbitrable is for the arbitrator and not the Court. The parties argue that, according to the United States Supreme Court's recent decision in *New Prime v. Oliveira*, the enforceability of an arbitration clause is a determination for the district court to make rather than an arbitrator, even when the contract in question includes a delegation provision. The Court agrees.

*New Prime* involved a dispute between an interstate trucking company, New Prime, and one of its drivers, Dominic Oliveira. *New Prime*, 139 S. Ct. at 536. Mr. Oliveira had agreed to perform work for New Prime pursuant to an agreement that contained an arbitration clause and a

3

delegation provision giving the arbitrator authority to decide threshold questions of arbitrability. *Id.* Eventually, a dispute arose about whether New Prime paid its drivers lawful wages under the Fair Labor Standards Act, which gave rise to a class action lawsuit against New Prime in federal district court. *Id.* In that action, New Prime asked the district court to compel arbitration under the Federal Arbitration Act ("FAA") according to the terms of the parties' agreement. *Id.*

The district court declined to compel arbitration, holding that despite the delegation clause, the applicability of the transportation workers exclusion to § 1 of the FAA is a threshold inquiry for the district court that *cannot* be delegated to the arbitrator. *Id.* at 537. The First Circuit agreed. *Id.* The Supreme Court then affirmed unanimously,[1] holding that before invoking its statutory authority under the FAA to stay litigation and order arbitration, the district court must first know whether the contract itself falls within or beyond the boundaries of §§ 1 and 2. *Id.*

Here, there is clearly a dispute about whether Thomas's claims against PFG fall within the scope of the arbitration agreement. Indeed, the Court recognized as much in its March 25, 2018 Memorandum Opinion and Order (Dkt. #28), declining to take a position on the enforceability of the arbitration clause and staying the case until the arbitrator made that determination. In light of *New Prime*, however, the Court withdraws its determination that the scope of the arbitration clause with regard to Thomas's claims against PFG should be determined by the arbitrator; instead, the Court will resolve the matter itself after appropriate briefing by the parties.

## CONCLUSION

It is therefore **ORDERED** that the parties' Joint Motion to Lift Stay to Reconsider Order Referring Determination of the Gateway Issue of the Arbitrability to Arbitrator (Dkt. #47) is

---

[1] The Supreme Court affirmed 8-0, with Justice Kavanaugh taking no part in the consideration or decision of the case.

4

**GRANTED**. The stay ordered on March 25, 2018 is hereby lifted and the parties are permitted to submit briefing on the question whether the arbitration provision is enforceable.

    **IT IS SO ORDERED.**

    **SIGNED this 9th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE