# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FELTON THOMAS<br><br> *Plaintiff*,<br><br>v.<br><br>PFG TRANSCO, INC.; PERFORMANCE FOOD GROUP, INC. d/b/a PERFORMANCE FOOD GROUP – CUSTOMIZED DISTRIBUTION; AND PFGC, INC.<br><br> *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:17-CV-00785<br>Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #63). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **GRANTED in part and DENIED in part**.

### BACKGROUND

This case arises from injuries sustained by Plaintiff following a motor vehicle accident. Defendants PFG Transco, Inc., Performance Food Group, Inc. d/b/a Performance Food Group–Customized Distribution, and PFGC, Inc. (Collectively, "PFG") constitute a food delivery company that operates one of the largest commercial trucking fleets in the United States. Plaintiff is a former delivery driver for PFG.

On January 8, 2016, Plaintiff was scheduled to make a commercial delivery for PFG to Fort Smith, Arkansas. Plaintiff fell asleep while driving the vehicle and caused a one-vehicle collision while traveling eastbound on Interstate 40 near Muskogee, Oklahoma. The accident

caused Plaintiff's left arm to be pinned beneath the truck.  While Plaintiff was unable to vacate the vehicle, a second collision occurred, injuring Plaintiff further.

PFG terminated Plaintiff's employment after determining that the January 8, 2016 accident was preventable, and that Plaintiff was responsible for causing it.  At all relevant times and to the present, PFG is a nonsubscriber to Texas worker's compensation.  PFG does, however, provide wage replacement and medical expense reimbursements to injured employees pursuant to its Texas Injury Benefits Plan.

On August 19, 2020, PFG filed the present motion (Dkt. #63).  On September 9, 2020, Plaintiff filed his response (Dkt. #71).  On September 16, 2020, PFG filed their reply (Dkt. #72). On September 23, 2020, Plaintiff filed his surreply (Dkt. #73).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment."  *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants argue that they are entitled to summary judgment on six issues. First, Defendants claim they owed no duty to Plaintiff. Second, Defendants assert that they did not proximately cause Plaintiff's injuries. Third, Defendants claim that they did not engage in conduct

that would entitle Plaintiff to recover punitive damages.  Fourth, two of the Defendants—Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution and PFGC, Inc.—were not Plaintiff's employers and thus are not liable for Plaintiff's damages under the claims alleged.  Fifth, Defendants assert an entitlement to a dollar-for-dollar settlement credit against any judgment that may ultimately be rendered against it in the amount paid by settling Defendants Kenneth Paul Lockhart and Navigators Logistics, Inc.  Finally, Defendants claim an entitlement to a credit against any judgment that may ultimately be rendered against it in the amount already paid on Plaintiff's behalf in medical expense and lost wage reimbursements pursuant to the Performance Food Group Texas Injury Benefit Plan.

Plaintiff responds that Defendants are not entitled to summary judgment on Plaintiff's negligence claim because the undisputed material facts prove the elements of duty and causation.  Further, Plaintiff argues that Defendants are not entitled to summary judgment on the issue of gross negligence.  Plaintiff claims that the Court is required to reduce the amount of damages in an amount equal to the settling Defendants' settlement with Plaintiff after the jury returns a verdict.  Finally, Plaintiff contends that Defendants have not established that they are entitled to an offset or credit for the amounts paid under the Injury Benefits Plan.

The Court will address each argument in turn.

**I.    Existence of Duty**

Defendants claim Plaintiff has not identified a breach of any cognizable employer duty.  In support of their argument, Defendants point to the duties that the Federal Motor Carrier Safety Administration's ("FMCSA") Hours of Service ("HOS") Regulations impute upon employers versus those imputed upon employees.

4

Section 390.11 of the General Federal Motor Carrier Safety Regulations ("FMCSR") states that "[w]henever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition." 49 C.F.R. § 390.11. Although an employer may not be required to perform certain specific duties laid out in the Regulations—i.e., properly observe HOS rules or record activity accurately on HOS logs—the employer must require observance of such duties by drivers.

Defendants state that "the core structure of the FMCSR HOS regulations is to require *drivers* to properly observe HOS rules and to record their activities accurately on HOS logs, while requiring *the employers of drivers* to require adherence to these obligations" (Dkt. #63 at p. 17) (emphasis in original). Further, Defendants state that "[h]ere, the undisputed material facts establish that [Defendants] observed [their] duties, while Plaintiff failed to observe his" (Dkt. #63 at p. 18).

Defendants appear to not be arguing that no duty exists, but rather that no duty was *breached*. After a careful review of the record, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact as to this claim entitling them to judgment as a matter of law.

## II. Proximate Cause of Injuries

Defendants also argue that they were not the proximate cause of Plaintiff's injuries. However, Plaintiff contends that Defendants violation of the FMCSA Regulations—specifically, § 392.3—proximately caused his injuries. Section 392.3 states that:

> . . . [A] motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin to continue to operate the commercial motor vehicle.

49 C.F.R § 392.3.

After a careful review of the record, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact as to this claim entitling them to judgment as a matter of law.

### III. Gross Negligence Entitling Plaintiff to Punitive Damages

Defendants argue that they are entitled to summary judgment in their favor on Plaintiff's claim of gross negligence because the undisputed material facts establish that Defendants did not engage in any conduct constituting gross negligence.

Plaintiff contends that Defendants are not entitled to summary judgment on gross negligence when the evidence is looked at in full and in a light most favorable to Plaintiff.

After a careful review of the record, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact as to this claim entitling them to judgment as a matter of law.

### IV. Employer Status of Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution and PFGC, Inc.

Defendants argue that PFG Transco, Inc. ("Transco") is the only proper defendant to this action, and the two other PFG entities are entitled to summary judgment in their favor. Specifically, Defendants contend that "Plaintiff's claims are for negligence against a non-subscribing employer, but only one of the Defendants was his employer" (Dkt. #63 at p. 22).

Plaintiff responds that "[he] has not uncovered any evidence that is contrary to Defendants' evidence that only one of the moving Defendants, PFG Transco, Inc., was [Plaintiff's] employer" and "[a]s such, [Defendants'] appear to be entitled to summary judgment that only PFG Transco, Inc. was [Plaintiff's] employer" (Dkt. #71 at p. 10).

6

It is undisputed that only Transco employed Plaintiff.  The claims and alleged breaches of duties brought by Plaintiff—negligence and gross negligence against a non-subscribing employer—preclude liability for any non-employer Defendant.  Thus, Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution and PFGC, Inc. are entitled to summary judgment as to all claims against them.

### V. Entitlement to Settlement Credit

The parties do not dispute that Defendants are entitled to a settlement credit under Texas Civil Practice and Remedies Code § 33.012.  Plaintiff only disputes *when* the Court should determine that entitlement.

Defendants have shown that they are entitled to a settlement credit.  Defendants have put the settlement credit amount on the record.  *See Utts v. Short*, 81 S.W.3d 822, 828 (concluding "the common law requires only that the record show…the settlement credit amount" to show that a party is entitled to a settlement credit).  Defendants have filed the Settlement Agreement—and consequently the settlement amount—between Plaintiff and the settling Defendants under seal as an attachment to the present motion (Dkt. #66).  Plaintiff has not disputed the entitlement to or the amount of the settlement credit.  Thus, the Court finds that Defendants are entitled to summary judgment as to their *right* to a settlement credit in an amount equal to the settlement received by Plaintiff from Navigator Logistics, Inc.'s settlement.  *See Byrd v. Woodruff*, 891 S.W.2d 689, 702 (Tex. App.—Dallas 1994, writ denied) (noting that the granting of summary judgment on a party's entitlement to a statutory settlement credit was proper).  The settlement credit itself will not be *applied* until an award amount is found by the factfinder.

## VI. Entitlement to Credit for Payments Already Made

Defendants claim they are entitled to an offset or credit for amounts paid to Plaintiff under its occupational injury benefit plan (the "Plan"). Defendants pled its entitlement to an offsetting credit as an affirmative defense.

Plaintiff claims that Defendants have not proven an entitlement to an offset or credit. Plaintiff states that Defendants have not cited any authority for pursuing an offset or credit rather than the contractual right of reimbursement when a settling defendant is involved. Plaintiff also argues that Defendants will reap a windfall and be unjustly enriched if an offset is allowed without reducing it by a proportionate share of the attorneys' fees and costs incurred regarding the settlement with the settling Defendants, and Defendants will "double dip" if they receive both a reduction under Texas Civil Practice and Remedies Code § 33.012(b) and an offset or credit for payments already made under the Plan.

The collateral source rule "precludes a tortfeasor from obtaining the benefit of, or even mentioning, payments to the injured party from sources other than the tortfeaser." *Johnson v. Dallas Co.*, 195 S.W.3d 853, 855 (Tex. App.—Dallas 2006, no pet.) (citing *Taylor v. Am. Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Further, "[p]ayments made pursuant to an employee benefit plan have been determined to be a collateral source if the benefit plan constitutes a fringe benefit for the employee, but if the primary purpose of the benefit plan is to protect the employer, then the plan is not a collateral source as against the employer." *Rentech Steel, L.L.C. v. Teel*, 299 S.W.3d 155, 162 (Tex. App.—Eastland 2009, pet. dismissed) (citing multiple Texas appellate court cases supporting the same proposition).

The second paragraph of the preamble to the Performance Food Group Texas Injury Benefit Plan states that:

> [T]he Company desires to establish an employee welfare benefit plan . . . to provide a means by which the Company and other adopting employers can protect themselves from certain liabilities as nonsubscribers to the Texas workers' compensation insurance system by providing non-fringe . . . benefits with respect to any covered injury sustained by the Texas Associates in the course and scope of employment

(Dkt. #63, Exhibit 8 at p. 10). The language of the Plan indicates that its primary purpose is to protect Defendants. Further, the Plan states that it provides non-fringe benefits to its employees. Plaintiff has not offered any contrary evidence. The Plan is therefore not subject to the collateral source rule, and Defendants are entitled to an offsetting credit in the amounts paid to Plaintiff under the Plan: namely, $248,568.70 in medical expense reimbursements and $1,933.36 in wage replacement payments.

Plaintiff cites no authority for his contention that Defendants will receive a windfall if the credit is given. Further, the credit applies only to the amount awarded to Plaintiff for the two categories already paid under the plan—medical expenses and lost wages. No windfall would result if Defendants were credited with what they are entitled under the law.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #63) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Plaintiff's claims against Defendants Performance Food Group, Inc. d/b/a Performance Food Group – Customized Distribution and PFGC, Inc. are dismissed with prejudice and the Clerk's Office shall terminate these two parties.

It is further **ORDERED** that Defendant Transco is entitled to receive a dollar-for-dollar credit in an amount equal to Navigator Logistics, Inc.'s settlement with Plaintiff pursuant to Texas

Civil Practice and Remedies Code § 33.012.  Further, Transco is entitled to receive an offsetting credit for $248,568.70 in medical expense reimbursements and $1,933.36 in wage replacement payments paid pursuant to the Plan.  The offsets will be applied following a verdict by the factfinder.

The Court denies all other relief requested by Defendants.

**SIGNED this 10th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE